CHRISTOPH SCHWINGER, Appellant, *v.* CHARLES HICKOK et al., Respondents.

The power of the Supreme Court to render a personal judgment against the mortgagor for a deficiency in an action, for the foreclosure of a mortgage does not extend to a case where the mortgagor is a non-resident, and has neither appeared in the action nor been served with process within the State. The remedy of the plaintiff in such case is limited to the foreclosure and sale of the equity of redemption in the mortgaged premises.

The authority given by the Code (§ 135) to proceed by publication against a non-resident where he has property in the State, or the suit has relation to property therein in which he has or claims an interest, is to be interpreted in view of the necessity which called for its enactment, and authorizes only a judgment *in rem*, not *in personam*.

To warrant such a construction of a statute as will authorize a judgment *in personam* against a non-resident not served with process in this State and not appearing in the action, the expression of legislative intent must be clear and unequivocal.

A purchaser upon a sale under a void execution, who has paid the purchase-money in good faith, without actual knowledge of the invalidity of the process, to the party who procured the sale, the latter knowing that the sale gave no title, can maintain an action against such party to recover back the money paid.

Knowledge will not be imputed to the purchaser in such case in order to make out that the payment was voluntary.

(Submitted May 19, 1873; decided September 23, 1873.)

Appeal from a judgment of the General Term of the Superior Court of Buffalo, affirming a judgment in favor of defendant, entered upon the decision of the court upon trial at a trial term without a jury.

This action was brought to recover back the sum of seventy-five dollars, alleged to have been paid by plaintiff upon the purchase of a lot of land in Erie county at a sale by the sheriff of Erie county under execution in favor of plaintiff, which execution and the judgment upon which it was issued plaintiff claimed to be void, and that the sale gave him no title.

On the tenth day of July, 1856, Thomas J. Hodgekins, then a resident of Tonawanda, New York, executed and delivered to the defendants a bond and mortgage upon certain lands situate in the county of Erie. Default was made in the payment of the moneys mentioned in the said bond and mortgage, and an action was commenced by the defendants in this action, as plaintiffs, against the said Thomas J. Hodgekins and Eliza Hodgekins, his wife, in the Supreme Court of this State, for the foreclosure of said bond and mortgage. At the time of the commencement of such action the said Hodgekins and wife were and still are non-residents of the State of New York, and residents of the Dominion of Canada. The service of the summons upon them was by publication; copies of summons and complaint were mailed to them at their residence, pursuant to the order of publication. Hodgekins did not appear in the action.

Judgment of foreclosure and sale was adjudged, and under and in pursuance of said judgment the mortgaged premises were sold on the second day of May, 1867, by the sheriff of the county of Erie, and, after applying proceeds of sale, there remained a deficiency unpaid upon said judgment in amount $448.25. Pursuant to a direction in the said judgment the clerk of the county of Erie, immediately on the filing of the report of sale, docketed judgment in favor of the plaintiffs in said action, against Hodgekins, for the said sum. Upon the last-mentioned judgment the plaintiffs issued to the sheriff an execution against said Hodgekins, under and by virtue whereof the sheriff levied upon and sold a parcel of land, then belonging to Hodgekins, not described in or covered by the mortgage. The plaintiff in this action, at the sale, bid off the premises for the sum of seventy-five dollars, and then and there paid that sum to the sheriff who delivered the same to defendants.

*Geo. W. Cothran* for the appellant. A judgment record and the recitals contained in it are not notice to a party not connected with the action. (Code, § 132; *Kingston Bk.* v *Eltinge*, 40 N. Y., 391.) It does not appear that plaintiff's payment was voluntary. (40 N. Y., 391; *Bize* v. *Dickerson*, 1 Durn. & East, 285.) A personal judgment cannot be procured unless the summons was served personally or the defendant appears voluntarily. (*Marvin* v. *Kumbell*, 23 Wend., 293; *Fiske* v. *Anderson*, 33 Barb., 71; S. C., 12 Abb. Pr., 8; *Kilburn* v. *Woodworth*, 5 J. R., 37; *Robinson* v. *Ward*, 8 id., 86; *Fenton* v. *Garlick*, id., 194; *Oakley* v. *Aspinwall*, 4 N. Y., 513; S. C., 13 id., 500; Sup. Ct. Rule, 34.) The judgment entered on the sheriff's report of sale, being a judgment *in personam*, was void. (*Chapman* v. *City of Brooklyn*, 41 N. Y., 372.)

*Geo. Wing* for the respondents. Plaintiff cannot recover back the money he has paid until the deficiency judgment is set aside. (3 R. S., 5th ed., 658, § 97; *Woodcock* v. *Bennett*, 1 Cow., 742.) The title to property sold thereunder to a

purchaser in good faith shall not be affected thereby. (*Force* v. *Tower*, 23 How. Pr., 294; *Fiske* v. *Anderson*, 33 Barb., 71.) The service of the summons by publication was valid. (Code, § 135; *In re Empire City Bk.*, 18 N. Y., 215.) Plaintiff cannot recover upon the ground of mistake. (*Bk. of Commerce* v. *Union Bk.*, 3 Comst., 230; *Kingston Bk.* v. *Eltinge*, 40 N. Y., 391.) Plaintiff had actual notice of the judgment, and this was constructive notice of its contents. (Story's Eq. Jur., §§ 400, 405–407; *Hall* v. *Smith*, 14 Ves., 426; *Cam. Val. Bk.* v. *Delano*, 48 N. Y., 336.) Plaintiff cannot recover upon a mistake of law. (*Gilbert* v. *Gilbert*, 9 Barb., 532; *Shotwell* v. *Murray*, 1 J. Ch., 512, 516; *Storrs* v. *Baker*, 6 id., 166; *Mowatt* v. *Wright*, 1 Wend., 356; *N. Y. and H. R. R. Co.* v. *Marsh*, 12 N. Y., 308.)

Andrews, J. The judgment for the deficiency remaining after the sale of the mortgaged premises was, in form, a judgment *in personam* against the mortgagor, and, if the court had jurisdiction to render it, warranted the sale upon execution of the land purchased by the plaintiff.

In an action for the foreclosure of a mortgage the court may adjudge and direct the payment by the mortgagor of any residue of the mortgage debt that may remain after sale of the mortgaged premises, when the mortgagor is personally liable for the debt secured by the mortgage. This rule is consonant with the general principle that the court, having jurisdiction of the cause and of the parties, will proceed to a complete determination of the right in controversy, and was expressly declared in the Revised Statutes, and is re-enacted by the Code. (2 Rev. Stat., 192, § 202; Code, § 167.)

The mortgagor in this case was a non-resident of this State when the foreclosure action was commenced, and was then, and ever since has been, a resident of Canada. The summons was served by publication and deposit of a copy in the post-office, addressed to him at his residence, and he did not appear in the action, nor did he submit himself in any way to the jurisdiction of the court. The general power

residing in the court to render a personal judgment against the mortgagor for the deficiency in a foreclosure suit does not, we think, authorize such a judgment against a non-resident defendant who has neither appeared in the action or been served with process within the State. Due process of law, without which one cannot be bound by a judicial sentence, or be deprived of life, liberty or property, does not necessarily require personal service of notice of the proceedings. (*Empire City Bank*, 18 N. Y., 215.) It is upon this ground that the State subjects the property of a non-resident, within its jurisdiction, to judicial process, and appropriates it, by the judgment of the court, to the payment of the debts of the owner, or transfers the title in accordance with the legal or equitable right of claimants. The process of courts only runs within the limits of the sovereignty creating them. Personal service of process, in a legal sense, of the courts of a State cannot be made in another State; and where the property of a non-resident within a State is sought to be affected by judicial proceedings, a procedure against the property is authorized in the several States under statutes prescribing notice by publication and otherwise, calculated and designed to apprise the defendant of the proceedings. The judgment rendered in such a case is essentially a judgment *in rem.* The court having jurisdiction of the cause pronounces judgment which binds the property to which the action relates, or which is held to await the final process. Our statute, authorizing judicial proceedings against non-residents to be taken upon service of the summons, by publication, is to be interpreted in view of the necessity which called for its enactment, and should be limited, if consistent with the language used, so that it shall be in harmony with the general principles of jurisprudence. A statute authorizing judgment *in personam* against a non-resident, not personally served with process within the State, and not appearing in the action, would, at least, be exceptional, and it would require a very clear expression of

legislative intent to warrant such a construction. The juris-
diction to proceed by publication against a non-resident
citizen, attaches only when he has property in the State,
or the suit has relation to property therein in which he
has or claims an interest. (Code, § 135.) The legislature
could, perhaps, have declared that judgment obtained against
a non-resident, upon service by publication, might be
enforced against all property of the defendant within the
State. (*Thomas* v. *Emmett*, 4 McLean, 97; *Bissell* v.
*Briggs*, 9 Mass., 462; *Boswell's Lessee* v. *Otis*, 9 How., 336.)
Such a judgment would be *in rem*, and would impose no
personal liability upon the defendant. The statute under
which publication in this case was made, does not under-
take to make the judgment obtained in the proceedings
a general lien upon the property of the defendant. We
are of opinion that the judgment for the deficiency *in
personam* was unauthorized and void, and that the remedy
of the mortgagee in the action was limited to the foreclosure
and sale of the equity of redemption in the mortgaged pre-
mises. It follows that the sale of the land of the judgment
debtor, upon execution on the deficiency judgment, was a
nullity. The execution was not authorized by the judg-
ment, for the judgment itself was void. The purchaser
acquired, and could acquire no title under the sale.

The court below denied the right of the plaintiff to recover,
on the ground that he had constructive notice of the inva-
lidity of the judgment and proceedings, and that the payment
of his bid was therefore voluntary.

It is doubtless true that a person claiming a right or title
under a conveyance or an instrument, in execution of a power,
is in general chargeable with notice of any infirmity in his
title disclosed by the instrument under which he claims, or
of which, by reasonable diligence, he would have become
acquainted. (*Cambridge Valley Bank* v. *Delano*, 48 N. Y.,
336; 2 Wash. on Real Property, 596.) The rule is adopted
to determine the question of superior equities, and to protect
innocent persons from being defrauded. (*Le Neve* v. *Le Neve*,

3 Atk., 646; Story Eq. Jur., § 397.) This principle is invoked in this case to debar a plaintiff who has paid his money in good faith, without actual knowledge, on a purchase under a void execution, from recovering it back of the persons to whom it was paid, and who were the plaintiffs in and procured the sale under the execution, and who, at the time of the sale, knew that the purchaser would acquire no title to the property. The principle referred to has no proper application to this case. To make out a voluntary payment, knowledge that the execution was void is imputed to the purchaser, although there was none in fact, and this for the benefit of persons having actual knowledge, and who took the plaintiff's money. The language of Lord MANS-FIELD, in *Moses* v. *Macfarlane* (2 Burr., 1009), is applicable. In speaking of the equitable action for money had and received, he says: "It lies for money paid by mistake, or upon a consideration which happens to fail, or for money got through imposition, or extortion, or oppression, or an undue advantage taken of a party's situation contrary to laws made for the protection of persons under these circumstances." The plaintiff was entitled to maintain the action within the rule stated in *Moses* v. *Macfarlane.* (See also *Chapman* v. *The City of Brooklyn,* 40 N. Y., 372; *The Kingston Bank* v. *Eltinge,* 40 N. Y., 391.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur except RAPALLO, J., not voting.

Judgment reversed.