CHARLES W. BARTLETT, APPELLANT, *v.* RICHARD J. HOLMES AND ELIHU SPICER, JR., RESPONDENTS.

*Action against non-resident — jurisdiction of court over — how it may be attacked.*

The plaintiff herein commenced an action against a non-resident defendant, to recover for a tort committed in the State of Louisiana; the summons was served by publication only, and no attachment was issued in the action. Judgment was entered in the usual form, and the sheriff, under an execution issued thereon, levied upon the interest of the defendant in a vessel, not within the jurisdiction of this court when the action was commenced or the order for the

publication of the summons was made. Under an order of the District Court of the United States the vessel was released, upon the other part owners of the vessel giving an undertaking conditioned for her return or the payment of the value of the interest of the defendant owner. In an action brought to recover for a breach of this condition of the undertaking, *held:*

(1) That the action being for a tort against a non-resident, not personally served, a judgment *in personam* could not be entered but only one *in rem.*

(2) That the judgment being void, the execution issued thereon was also void, and that as there was therefore no consideration for the undertaking given to secure the release of the vessel levied on thereunder, no action could be maintained to recover for a breach thereof.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court, without a jury.

In December, 1872, the plaintiff herein brought an action in this court against Alexander McNeil, to recover damages for injuries received at New Orleans through the alleged carelessness of McNeil, who was then, as stevedore, engaged in unloading a vessel at that place.

In the same month an order for the publication of the summons was made in that action, on the ground that the defendant was a non-resident, having property in this State.

The defendant was not personally served, nor did he appear in the action.

On July 14, 1873, judgment by default was entered in the action against the defendant for $25,666.36.

On July 16, 1873, by virtue of an execution issued upon the judgment in said action, the sheriff of the city and county of New York levied upon the interest of the defendant in the bark Maggie McNeil, then lying in the port of New York, and seized the bark. The bark Maggie McNeil was not within the jurisdiction of the court when the action was commenced, nor when the order for the publication of the summons was made.

On August 12, 1873, the majority owners of the Maggie McNeil filed a libel in the District Court of the United States for the southern district of New York for the possession of said bark, the sheriff being made a party to said action.

The sheriff answered and excepted to the libel.

On the 16th day of August, 1873, an order was made in said action that the vessel be delivered to the libelants upon their executing a stipulation for her safe return.

On August 18, 1873, an order was made in said action delivering the Maggie McNeil to the libelants.

On June 4, 1874, a decree was entered in said action overruling the exceptions of the sheriff, and confirming the delivery of the vessel to the libelants.

The bark Maggie McNeil never returned to this port, having been lost at sea, and this action is brought against the sureties upon the stipulation given in the possessory action, the same having been assigned to the plaintiff herein.

*Jacob H. Bergen,* for the appellant. It does not follow that because a stipulation or undertaking is given in a United States District Court that therefore it is enforceable only in that court. (*Green* v. *Van Buskirk,* 5 Wall., 307; *The Moses Taylor,* 4 id., 411; *New York Steam Navigation Co.* v. *Merchants' Bank,* 6 How. [U. S.], 344; see Statutes of 1789, 1 Stat. at Large, 76; 1 Bright, 25; *The Thomas Jefferson,* 10 Wheat., 428; *Albert* v. *The Virginia,* 2 Paine, 115; *The John Jay,* 3 Blatch., 67; *Taylor* v. *Cornell,* 20 How. [U. S.], 583; *The Gazelle,* 1 Sprague, 378; *The Julia Ann,* id., 382; *Dougan* v. *Champlain Trans. Co.,* 56 N. Y., 1; *Baird* v. *Daly,* 57 id., 236; opinion of Lott, Ch. Comr., and of Dwight, Comr., 247; *Steamboat Co.* v. *Chase,* 16 Wall., 522.) But if it be admitted that it is a maritime contract, still the action will lie in the State court, for the action is maintainable at common law. (1 United States Statutes at Large, 76; Judiciary Act of 1789, § 9; *Dougan* v. *Champlain Trans. Co.,* 56 N. Y., 1; *Baird* v. *Daly,* 57 id., 236; op. p., 247 *et seq. ; The Steamboat Co.* v. *Chase,* 16 Wall. [U. S.], 522.)

*Frank D. Sturges,* for the respondent. The court has no jurisdiction of the cause of action upon the stipulation set forth in the complaint. The stipulation, assuming that the same is valid in form, was given in an admiralty cause, namely, a possessory action, over which the Court of Admiralty has jurisdiction. (Dunlap's Admiralty Practice, 43; Benedict's Admiralty, § 275; Bett's Admiralty Practice, 16; *Ward* v. *Peck,* 18 How. [U. S.], 267; *De Lovio* v. *Boit,* 2 Gallis., 474; Dunlap's Admiralty Practice, 43–59 [m. p.], 157–163; Benedict's Admiralty, § 498; *The*

*Brig Alligator*, 1 Gallis., 148; *McLellan* v. *The United States*, id., 229; *Campbell* v. *Hadley*, Sprague's Decis., 471.) The law is well settled that security taken in a court is enforceable only according to the rules and practice of the court in which it is taken, and another court will not entertain an action to enforce such security, unless such refusal would leave a party without a remedy. (*Burtus* v. *McCarty*, 13 John., 424; *McDougall* v. *Richardson*, 3 Hill, 560; *People* v. *Blackman*, 1 Denio, 633; *Otis* v. *Wakeman*, 1 Hill, 605; *Davis* v. *Packard*, 6 Wend., 330; same case affirmed, 10 id., 50; *The Hollen and Cargo*, 1 Mason's R., 435.) The judgment entered in the action against Alexander McNeil was void for want of jurisdiction. The action was for a tort committed in New Orleans by a resident of that city. He was never personally served with the summons. It is submitted that the jurisdiction of this court, in an action for a tort against a non-resident, depends upon and follows the person, and that such jurisdiction is acquired only by personal service of the summons. (*Mussina* v. *Belden*, 6 Abb., 166; *Latourette* v. *Clark*, 45 Barb., 327; *Lister* v. *Wright*, 2 Hill, 320; *De Witt* v. *Buchanan*, 54 Barb., 33; *Newman* v. *Goddard*, 3 Hun, 70; *McIvor* v. *McCabe*, 16 Abb., 321; *Barney* v. *Burnstenbinder*, 64 Barb., 212.) No attachment could have been issued in the action, and none was issued. (*Shaffer* v. *Mason*, 18 Abb. Pr., 455; *Gordon* v. *Gaffey*, 11 id., 1; *Barry* v. *Fisher*, 8 id. [N. S.], 376.) But, if valid, the judgment was a judgment *in rem*, not *in personam*. It could be enforced only against the property which was in the State when the action was commenced and the order of publication was made, and not against any property of the defendant which might thereafter come into the State. (Story's Conflict of Laws, § 549, citing many cases *Schwinger* v. *Hickok*, 53 N. Y., 280.) The levy being void, the stipulation is a nullity, and in an action on the stipulation the defendants may avail themselves of the defense. (*Brookman* v. *Hamill*, 46 N. Y., 636; *Cadwell* v. *Colgate*, 7 Barb., 253; *Homan* v. *Brinkerhoff*, 1 Denio, 184; *Coleman* v. *Bean*, 3 Keyes, 94, 97; *Gardner* v. *Tyler*, 16 Abb. Pr., 17.) The jurisdiction of any court exercising authority over a subject may be inquired into in every court, where the proceedings of the former are relied upon and brought before the latter by the party claiming the benefit of such

proceedings. (*Chemung Canal Bank* v. *Judson*, 8 N. Y., 254; *Dobson* v. *Pearce*, 12 id., 156; *Borden* v. *Fitch*, 15 John., 141; *Mills* v. *Martin*, 19 id., 33; *Kerr* v. *Kerr*, 41 N. Y., 275; *Adams* v. *Saratoga and W. R. R. Co.*, 10 id., 333; *Sheldon* v. *Wright*, 5 id., 516.)

GILBERT, J. :

One whose person or property has been seized under process, may question the jurisdiction of the court that issued the process either in an action brought by himself for such seizure, or in an action against him, brought by the party in whose favor the process was issued, in which the process is an element of the plaintiff's cause of action. This principle is elementary. We think the execution under which the vessel in this case was seized, was illegal, and, therefore, void. The plaintiff in this action was the plaintiff in the execution. The execution was issued upon a judgment recovered against a non-resident defendant for a personal tort committed in the State of Louisiana, and the defendant was not personally served with the summons in the action in which the judgment was recovered. Although he was brought in by publication, and that may have authorized a judgment against him *in rem*, it did not authorize one *in personam*. The judgment actually entered was one *in personam*, and was not limited in its operation to the property of the defendant therein which was within this State when the action was commenced. The execution in question was in the form authorized by statute for the enforcement of a judgment *in personam*. The vessel seized was not within this State when the suit in which the execution was issued was commenced, or indeed when the judgment therein was recovered. The execution was, therefore, issued in a case in which the court had no jurisdiction to issue it. This point was, in effect, adjudged in the case of this plaintiff against the defendant in the execution. (60 N. Y., 55.) For if the court has no power to compel such defendant to apply his intangible property to the payment of the judgment, it cannot subject his tangible property not specified therein to the same purpose. The case of *Schwinger* v. *Hickok* (53 N. Y., 280), is also decisive that the court below held correctly on this point.

The stipulation, on which this suit was brought, having been

given to procure the release of the vessel from a seizure under a void execution, it furnishes no cause of action to the plaintiff.

Whether such a stipulation is enforceable only in the Admiralty Court is a question which we need not now decide, because the judgment must be affirmed on the other ground stated.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.