## HOXTER *v.* POPPLETON.

### ACTION FOR MONEY HAD AND RECEIVED.

An action for money had and received, in general, will lie for money which *ex aequo et bono* the defendant ought to refund as for money paid by mistake, or upon a consideration which happens to fail, or for money obtained by imposition or extortion or oppression, or taking an undue advantage of a party's situation, contrary to laws made for the protection of persons under these circumstances, and a sale made with such knowledge on the part of the party who causes it to take place, renders him liable in an action for money had and received. This action, therefore, has been denominated an equitable action and is less restricted by technical rules than most others, as it aims at the mere justice of the case and looks entirely to the question whether the defendant holds the money which in equity and good conscience belongs to the plaintiff.

### SHERIFF'S SALE—CAVEAT EMPTOR.

The general doctrine is that the purchaser at a sheriff's sale is bound to know that those facts exist which give the officer power to sell, and in general, these are the judgment of a competent court and a valid execution. It is based on the principle that the officer who sells under a judgment and execution exercises a statutory power, by virtue of which alone his deed can operate upon the title to the land sold. If the judgment is void, or has been paid, the officer's power is at an end, and the purchaser takes nothing. The rule of *caveat emptor* applies to every purchaser at a sheriff's sale of real or personal property by virtue of an execution. This rule of constructive notice was adopted to determine questions of superior equities and to protect innocent persons from being defrauded.

### NOTICE NOT IMPUTED—WHEN.

Where the defendant procured an execution to be issued without any judgment whatever to sustain it, and the plaintiff, in good faith, without actual knowledge, has paid his money to the defendant upon a sale made under such void execution, and the defendant claims the benefit of the rule of constructive notice to prevent the plaintiff from recovering back his money, when he knew the plaintiff could acquire no title to the property sold under such execution: *Held,* That in such case, knowledge will not be imputed to the purchaser to make ouf that the payment was voluntary.

APPEAL from Yamhill. The facts are stated in the opinion.

*B. Killin,* for appellant.

Submits that this appeal raises but one question, that is, whether one who purchases land at what appears to be a sheriff's sale, can recover back his money when it turns out that there was no judgment, and cites: *Chapman* v. *City of Brooklyn,* 40 N. Y., 372; *Colville* v. *Besty,* 2 Denio, 139; *Whealdon* v. *Olds,* 20 Wend., 174; *Bank* v. *Bank,* 3 Cowan, 230; *Wait* v. *Leggitt,* 8 Cowan, 195; *Schwinger* v. *Hickok,* 53 N. Y., 258; Freeman on Executions, Sec. 301; Herman on Executions, Secs. 320, 322, 330, 340, 507. What the bidder buys is the interest of the judgment debtor in the property. If he does not get it there is a failure of consideration.

*James McCain and H. Hurley,* for respondent.

Maintain that *caveat emptor* applies in all its force in this case. The purchaser must take notice, not only of the title he buys, but of the proceedings upon which the sale is made, and cite: Freeman on Judicial Sales, Sec. 47; Freeman on Executions, p. 352; Rorer on Judicial Sales, Sec. 902; Herman on Executions, Sec. 190; *Burns* v. *Hamilton,* 33 Ala., 310; *Laws* v. *Thompson,* 4 Jones, 104; *Dean* v. *Morris,* 4 G. Green, 312; *Dunn* v. *Frazier,* 8 Blackford, 432; *Salmon* v. *Price,* 13 Ohio, 368; *Smith* v. *Painter,* 9 Am. Dec., 344; Rawle on Covenants, 618.

Money can be recovered back only when it has been paid under a mistake of fact. This payment, if made by mistake, was one of law and not of fact. (Freeman on Judicial Sales,

Sec. 47; Rorer on Judicial Sales, Sec. 902; 2 Greenleaf on Evidence, Sec. 123; 2 Chitty on Contracts, page 934, and authorities cited.)

By the Court, LORD, C. J.:

This is an action for money had and received by the defendant to the plaintiff's use. It is said, in general, to lie for money which, *ex aequo et bono*, the defendant ought to refund as for money paid by mistake, or upon a consideration which happens to fail, or for money obtained by imposition or extortion, or oppression, or taking an undue advantage of a party's situation, contrary to laws made for the protection of persons under these circumstances, and a sale made with such knowledge on the part of the party who causes it to take place, renders him liable in an action for money had and received. (Herman on Executions, Sec. 340, and authorities cited in the note.)

Lord Mansfield calls the action of assumpsit for money had and received, "a liberal action founded upon large principles of equity," and applicable wherever the debtor, having received money, cannot conscientiously retain it. (*Moses* v. *McFarlone*, 2 Burr, 1005.)

In conformity with this principle it is said, in *Henderson* v. *Overton*, 10 Tenn., 398, that if A obtains money from B without consideration, through fraud or mistake, B can recover it back; that in such case the action of assumpsit was substituted for a bill in equity as late as the days of Lord Mansfield. This action, therefore, has been denominated an equitable action, and is less restricted by technical rules than most others, as it aims at the mere justice of the case, and looks entirely to the question whether the defendant holds the money which in equity and good conscience belongs to the plaintiff. (Chitty on Contracts, 11 Am. Ed., 898, and authorities cited in the note; *Schwinger* v. *Hickok*, 53 New York, 286.)

In respect to the case in hand there can be no doubt that

the money received by the defendant was the plaintiff's money. It came to him through the sheriff as proceeds arising from a sale of real estate upon an execution issued at his instance, but without any judgment whatever, in fact or law, to support it. It is not the case of money received upon a judgment which turned out to be void, but the case of an execution sued out without a judgment, and the defendant's appropriating the avails of the sale under it. It is undeniably true that the purchaser at a sheriff's sale is bound to know that those facts exist which give the officer power to sell, and in general these are a judgment of a competent court and a valid execution. This is right on principle, as the officer who sells under a judgment and execution exercises a statutory power, by virtue of which alone his deed can operate upon the title of the land sold.

" If the judgment is void, or has been paid, the purchaser takes nothing. The rule of *caveat emptor* applies to every purchaser at a sheriff's sale of real or personal property by virtue of an execution." (*Frost* v. *Yonker's Saving Bank,* 70 N. Y., 560.) He buys at his peril, because the law requires him to ascertain whether the officer has a valid writ issued upon a valid and subsisting judgment, and if these do not exist, the officer is without power to sell, and as a consequence, the purchaser can acquire no title to the property sold. (Herman on Executions, Sec. 255, and authorities cited in the note.)

When, then, property is sold on execution issued without any judgment to support it, the officer is without power to sell, and the purchaser can acquire no title under such sale. The judgment is the sole foundation of the officer's power to sell and convey property, and if there was no judgment, he was without power to sell, and all his acts under an execution issued in such case was without authority and void. Upon the facts of this case, the plaintiff could acquire no title to the property sold, and the question now is, can he recover back the money paid on such sale, and which the defendant,

by his demurrer, concedes he has received. Money arising from the property of a judgment debtor, when sold upon execution, is required by law to be paid to the judgment creditor upon whose execution the property is sold. By this means the judgment and execution are satisfied and discharged. But how does the case stand when there is no judgment to be satisfied? Do the proceeds arising from a sale in such case, belong to the party who procured the execution to be issued and the property to be sold? He has no judgment to be satisfied and therefore no lien on the property of any one. He is not a judgment creditor, nor does any one sustain the relation of judgment debtor to him.

The proceeds of such sale satisfies no judgment, extinguishes no lien, discharges no execution. As we have seen, a purchaser at such sale can acquire no title; in what, then, consists the right of the defendant to retain the money paid on such sale? A party may mistake the legal effect of proceedings had at law or in equity, and being a mistake of law, be without remedy. So, too, he may be bound to take notice of the fact of a judgment or other matter of record, but the query was put at the argument, if there were no proceedings had at law and no judgment whatever rendered, or of record, can it be said he mistook the legal effect of proceedings when there was no case, and failed to take notice of the existence of a judgment when there was none? The view we take renders it necessary to answer these suggestions.

The ground assumed against the recovery of the plaintiff is, that he had constructive notice of the non-existence of the judgment, and consequently the payment of his bid was voluntary. Or, in other words, if he had examined the records he would have found that there were no proceedings, nor judgment upon which the execution was issued, and his payment therefor, under such execution sale, was voluntary. As before stated, it is no doubt true that the sheriff, in the sale of real estate, is but the agent or officer of the law, with limited powers conferred by the statute, and that purchasers are

bound to know that those facts exist which give the officer power to sell; and it is also true, that the purchaser of property from a private special agent is bound to take notice of the extent of his power, and that the purchase from such agent, when he is not authorized to sell, is invalid.

As was said in *Schwinger* v. *Hickok,* *et al.,* 53 N. Y., 285, " a person claiming a right or title under a conveyance, or instrument in execution of a power, is in general chargeable with notice of any informality in his title disclosed by the instrument under which he claims, or of which, by reasonable diligence he would have become acquainted." This rule was adopted to determine questions of superior equities, and to protect innocent persons from being defrauded, and can have no proper application to the facts of this case. It has no relevancy between these parties, because in such case, knowledge will not be imputed to the purchaser in order to make out that the payment was voluntary. The defendant procured an execution to be issued without a judgment to sustain it, and the plaintiff, in good faith, without actual knowledge, has paid his money to the defendant upon a sale made under such void execution, and the defendant now claims the benefit of the rule of constructive notice to prevent the plaintiff from recovering back his money, when he knew the plaintiff could acquire no title to the property. It seems to us, to permit the defendant to invoke the rule of constructive notice in such case, is to give him the benefit or advantage of his own wrong, and to be in violation of the spirit and purpose for which such rule was established. (Story's Eq. Jur., sec. 367.)

In *Schwinger* v. *Hickok,* *supra,* the right of the plaintiff to recover was denied, on the ground that he had constructive notice of the invalidity of the proceedings and judgment, and that the payment of his bid was therefore voluntary. But the court say: " To make out a voluntary payment, knowledge that the execution was void is imputed to the purchaser, although there was none in fact, and this for the benefit of persons having actual knowledge, and took the plaintiff's

money." The facts in this case are not as strong as the one under consideration, and yet the application of this principle makes the remedy of the plaintiff clear and undeniable. Nor do we think the result which we have reached in this case is at variance with the equity which is said peculiarly to characterize this form of action.

In *Henderson* v. *Overton, supra,* where it was held that the purchaser of land at execution sale, where the judgment on which the execution issued is void, and consequently the sale itself void, may recover from the judgment creditor the purchase money paid at the sale, the court, in illustrating its argument, puts a case identical with the facts under consideration: "Suppose," say the court, "that Overton had obtained from the clerk of some court other than Sumner an execution not authorized by any judgment, the writ had been fair on its face, the sheriff had levied it and obtained $240 by virtue thereof from the complainants, which sum he had paid over to Overton; will any one doubt that it could not have been recovered from him because obtained by a false token?" And the court plainly indicate in the case they were deciding, as well as the one supposed, that an action for money had and received would lie. From these views it follows that the judgment must be reversed.

Judgment reversed.