ELLING, RESPONDENT, v. HARRINGTON, APPELLANT.

[Submitted November 4th, 1895. Decided December 9th, 1895.]

JUDICIAL SALE—*Void judgment—Eviction of purchaser.*—Where the judgment and execution under which plaintiff purchased town lots were declared void under proceedings instituted by the judgment creditor himself, and whereby plaintiff's title to the lots were defeated by showing a paramount title in the town site trustee, this is an eviction within the meaning of Section 347 of the Code of Civil Procedure (1887) providing that, if the purchaser of real property, sold on execution, be evicted therefrom in consequence of irregularities in the proceedings, he may recover the price paid from the judgment creditor.

STATUTE OF LIMITATION—*Action by evicted purchaser at execution sale.*—In an action by an evicted purchaser of real property, sold under execution, to recover the purchase price from the judgment creditor, the statute of limitation begins to run from the date of the decree avoiding the judgment under which he purchased.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover purchase price of real property sold under void execution. Judgment on the pleadings was rendered for the plaintiff below by McHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

It appears from the pleadings in this case that on the 12th day of April, 1880, the defendant herein obtained a judgment by confession, against the probate judge of Madison county, as trustee of the townsite of Pony, in the district court of said county; that thereafter an execution was issued out of said court on said judgment, and on the 23d day of April, 1881, the sheriff of said county sold the town lots of said Pony townsite, described in the complaint, at public sale, to the plaintiff in this suit, for the sum of $162.55, which was paid to the defendant herein; that the probate judge and the district judge, as trustees of said townsite, ignored said judgment and sale, treated the same as void, and permitted other persons to obtain title thereto, by reason whereof, it is alleged, the plaintiff's title to said lots was defeated; that thereafter, on the 2d day of December, 1889, the defendant in this case obtained a writ of mandamus, from the district court of said county, against the treasurer of the

county, to compel him to pay over to this defendant moneys in his hands from the sale of town lots in said Pony townsite, to the amount of the claim for which he had obtained the judgment above mentioned against the probate judge; that upon the hearing of said mandamus proceedings the district court held said judgment, and the sale at which plaintiff purchased said lots, to be null and void, and ordered the treasurer to pay to this defendant the entire amount of his claim, irrespective of the said sum of $162.55 he had received from this plaintiff as the proceeds of said sale of said lots under said judgment. Plaintiff alleges that by reason of said facts and proceedings he has been deprived of the title and possession of said lots, and that his title thereto has failed, and asks judgment against the defendant for said sum of $162.55 paid therefor, and for interest thereon.

The defendant denies, in his answer, that plaintiff's title to the lots described has failed by reason of the facts alleged in the complaint, and alleges "that by virtue of a certain contract in writing, entered into on the 21st day of October, 1889, between plaintiff and defendant and one W. W. Morris, all the property described in plaintiff's complaint, and all his interest therein, was secured to plaintiff, and that plaintiff thereafter procured a good and valid title to said property."

Plaintiff replied, denying the new matter set up in the answer, and moved for judgment on the pleadings. The court sustained the motion, and entered judgment for the plaintiff for the amount demanded. From this judgment defendant appeals.

*Forbis & Forbis*, for Appellant.

*W. A. Clark*, for Respondent.

Irrespective of the statute, a purchaser of land at an execution sale where the judgment on which the execution was issued was void, and sale consequently void, may recover from the creditor the purchase money paid at such sale. (*Henderson* v. *Overton*, 2 Yerg. 394; 24 Am. Dec. 494; *Chapman* v.

*Brooklyn,* 40 N. Y. 372; *Schwinger* v. *Hickok,* 53 N. Y. 280; *Hunt,* v. *Loucks* 38 Cal. 372; *Boggs* v. *Hargrave,* 16 Cal. 560-565.) Irrespective of the common law on the subject the statute (Sec. 347 Code of Civil Procedure, 1887) expressly protects the respondent and gives him the right to maintain this action. Similiar laws exist in other states and all are interpreted as meaning that the purchaser may recover from the execution creditor on failure of title. (Hartson's Practice (Cal.) p. 323, section 708, notes; *Hunt* v. *Loucks, supra*; *Citizen's Bank* v. *Freitag,* 37 La. An. 271; *Halcombe* v. *Loudermilk,* 3 Jones, 491; *Chambers* v. *Cockran* 18 Ia. 150; *Woodcock* v. *Bennett* 1 Cowan 741; 13 Am. Dec. 568.)

PEMBERTON, C. J.—This is an action based upon section 347 of the Code of Civil Procedure (Comp. St. 1887). That part of the section involved reads as follows: " If the purchaser of real property sold on execution, or his successor in interest, be evicted therefrom in consequence of irregularities in the proceedings concerning the sale, or of the reversal or discharge of the judgment, he may recover the price paid, with interest, from the judgment creditor." It is conceded that the judgment and execution under which plaintiff purchased the lots described in the complaint were void; that the defendant was the judgment and execution creditor; and that the judgment and execution were declared void in proceedings instituted by him, under which proceedings plaintiff's title to the lots was defeated. It is not denied that, under such proceedings, defendant obtained the full amount of the claim upon which he recovered the void judgment against the probate judge after having received the $162.55 of plaintiff as the proceeds of the void sale.

The defendant contends that, as no actual eviction by legal proceedings is shown or alleged, the plaintiff cannot recover in this action. We think it is not necessary, in all cases, to show such an eviction. In many cases it is sufficient if a paramount title be shown, as was evidently shown in this case. (*Schriver* v. *Smith,* 100 N. Y. 471, 3 N. E. 675; *McGary* v. *Hastings,* 39 Cal. 360; 7 Am. & Eng. Enc. Law, pp. 36-40, and authorities cited).

The defendant, after causing the lots to be advertised and sold at execution sale, under a confessedly void judgment obtained by himself, afterwards instituted and successfully prosecuted proceedings in court by which it was determined and decreed that the judgment and execution under which plaintiff purchased were void, thereby effectually defeating plaintiff's title to the lots by showing a paramount title in the trustee in the townsite. This comes very nearly showing, not only that plaintiff was evicted, but that he was evicted by the defendant. But it is contended by plaintiff that, irrespective of the statute referred to above, he is entitled to recover the money he paid defendant, for the reason that the execution under which he bought the lots, and the judgment under which the execution was issued, were absolutely void.

In *Schwinger* v *Hickok*, 53 N. Y. 280, it is held that "a purchaser upon a sale under a void execution, who has paid the purchase money in good faith, without actual knowledge of the invalidity of the process, to the party who procured the sale, can maintain an action against such party to recover back the money;" and also that knowledge of such invalidity of the process "will not be imputed to the purchaser at such sale, in order to make out that the payment was voluntary." *Henderson* v. *Overton*, 2 Yerg. 394, a well-considered case, holds that "the purchaser of land at execution sale, where the judgment on which the execution issued is void, and where the sale is therefore void, may recover from the judgment creditor the purchase money paid at the sale." (*Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Hunt* v. *Loucks*, 38 Cal. 372.)

We think there was such an eviction in this case, as shown by the pleadings, as to entitle the plaintiff to recover the purchase money under the statute referred to. As the judgment and execution under which the plaintiff purchased the lots were confessedly void, and especially as they were judicially decreed to be void under proceedings prosecuted by the defendant, the creditor in such judgment and execution, and under which proceedings the plaintiff's title was defeated, we think, under the authorities cited above, plaintiff is entitled to

recover the purchase money paid to defendant. We think it would be inequitable to hold otherwise, under the circumstances and facts of the case.

The defendant contends that the court erroneously ignored the contract set up in the answer, by which it is alleged that the title to the lots was secured to the plaintiff by the defendant and one W. W. Morris. By reference to that part of the answer, shown in the statement, it will be seen that it is not alleged that the consideration of the contract was the price paid by the plaintiff for the lots at the execution sale. It is not shown what the consideration of the contract was, or that there was any consideration therefor.

Defendant pleads the statute of limitation. We think plaintiff's cause of action accrued, as alleged in the complaint, on the 19th day of October, 1889, when he was practically evicted by the proceedings in court of the defendant, which resulted in decreeing that the judgment and execution under which he purchased the lots were void. The suit was brought within two years thereafter, and we do not think it can be held that the action was barred by the statute of limitation. As the answer, in our opinion, did not contain any defense to the action, we see no error in the action of the court in ordering judgment entered on the pleadings. The judgment is therefore affirmed.

*Affirmed.*

DeWitt and Hunt, JJ., concur.