ERASTUS P. BACKUS, as Sheriff of St. Lawrence County,. Respondent, v. WILLIAM H. KIMBALL, as Executor of PLINY WRIGHT, Deceased, Appellant.

*Attachment of personal property incapable of manual delivery, e. g., a legacy — Code of Civil Procedure, sec. 655; 649, sub. 3.*

The complaint, in an action brought by a sheriff, alleged the commencement of two actions upon contract in the Supreme Court by different plaintiffs against one Bigelow for the recovery of money; the service of the summons in each case by publication; the non-appearance and default of Bigelow; the issuing of an attachment in each of said actions by the respective plaintiffs therein to the sheriff, and the devise of certain real estate of the value of $500 to the defendant in trust, and with power of sale to convert the same into money and pay it to Bigelow. Judgment was demanded that the defendant pay the proceeds of said devised property to the sheriff to be applied in satisfaction of the judgments, which might be obtained in the two actions in which the attachments had issued.

On the hearing had upon a demurrer interposed to said complaint:

*Held,* that the action could not be maintained under section 655 of the Code of Civil Procedure, as amended by chapter 504, Laws of 1889.

That the complaint, although within the letter of that section, was not within its spirit.

That the plaintiffs, in the actions in which the attachments had issued, could levy their attachments without the help of that section, as Bigelow had a claim against the defendant which he could enforce by bringing an action under section 1819 of the Code, or by proceedings before the surrogate under section 2717 of said Code.

That this personal property, being incapable of manual delivery, should be attached in the manner prescribed by subdivision 3 of section 649 of said Code.

The object of the amendment made in 1889 to section 655 of said Code, stated.

Appeal by the defendant William H. Kimball, as executor of Pliny Wright, deceased, from an order overruling a demurrer to the complaint in this action, entered in the office of the clerk of the county of St. Lawrence on the 11th day of June, 1891.

The complaint sets forth the commencement of two actions in the Supreme Court by different plaintiffs against one Bigelow for the recovery of money upon contracts, the service of the summons in each case by publication,· and the non-appearance and default of the defendant; also the devise of certain real estate of the value of $500 to the defendant in this action, in trust, and with power of. sale to convert the same into money and pay it to said Bigelow; the issuing

of an attachment to the plaintiff in each of said two actions. Judgment is demanded that this defendant pay the proceeds of said devised property to the plaintiff, to be applied in satisfaction of the judgments which might be obtained in the two actions.

The defendant demurred to the complaint for insufficiency, in that it did not state facts sufficient to constitute a cause of action.

*N. L. Robinson,* for the appellant.

*George C. Sawyer,* for the respondent.

LANDON, J.:

The complaint is within the letter of the statute. Section 655, Code of Civil Procedure, was amended in 1889 (chap. 504) by adding thereto as follows:

" 2. Where the summons was served without the State, or by publication, pursuant to an order obtained for that purpose, as prescribed in chapter fifth of this act; and where the defendant has not appeared in the action (otherwise than specially), but has made default and before entering final judgment, the sheriff may, in aid of such attachment, maintain an action against the attachment debtor, and any other person or persons, or against any other person or persons, to compel the discovery of any thing in action, or other property belonging to the attachment debtor; and of any money, thing in action, or other property due to him, or held in trust for him, or to prevent the transfer thereof, or the payment or delivery thereof to him or any other person, and the sheriff may, in aid of such attachment, also maintain any other action against the attachment debtor and any other person or persons, or against any other person or persons which may now be maintained by a judgment-creditor in a court of equity, either before the return of an execution in aid thereof, or after the return of an execution unsatisfied. The judgment in any of the above-mentioned actions must provide and direct that the said property shall be applied by the sheriff to the satisfaction of any judgment which the plaintiff may obtain in the attachment action."

But the case stated in the complaint is not within the mischief the amendment was intended to remedy. The plaintiff could levy the attachment without the help of this new provision. Bigelow, the

attachment debtor, holds a claim against this defendant for the legacy; he can enforce the claim by action under section 1819 of the Code, or by proceedings before the surrogate under section 2717. This claim is, therefore, personal property, incapable of manual delivery, and can be attached under subdivison 3 of section 649 by leaving with the defendant a certified copy of the warrant with a notice showing that the legacy is the property attached. If there are any facts which would prevent, impair or defeat such a levy or make it inexpedient or impracticable, the complaint does not disclose them. The purpose of the amendment was to provide a remedy where it was necessary and proper, not to invite or authorize an unnecessary action.

It had been held that an action could not be brought in aid of an attachment to reach property fraudulently transferred by the attachment debtor. (*Thurber* v. *Blanck*, 50 N. Y., 80; *Anthony* v. *Wood*, 96 id., 180; *Throop Grain Cleaner Co.* v. *Smith*, 110 id., 83.) It followed from this holding that where a non-resident owning property in this State fraudulently transferred it, and then was sued for money upon contract, by service of the summons without the State, or by publication pursuant to an order, and he did not appear in the action but made default, no jurisdiction was acquired. The person of the defendant was not brought within the jurisdiction of the courts of this State, for the laws of the State cannot reach beyond its territorial limits. (*Freeman* v. *Alderson*, 119 U. S., 185.) The fraudulently transferred property could not be attached; the court had neither person or thing within its power. (*Schwinger* v. *Hickok*, 53 N. Y., 280; *Bartlett* v. *Spicer*, 75 id., 528.) The amendment enables the court to establish the non-resident debtor's title to the property, and thereby to establish its jurisdiction of it. If the non-resident debtor holds the legal title, then jurisdiction of the property is acquired by levying the attachment by seizing it, or, if incapable of manual delivery, in the manner already pointed out.

The complaint states no facts constituting any equitable cause of action. The statute provides for an equitable action, but the provision is for those who have equities making the remedy appropriate, not for those who have none. The law provided the plaintiff an ample remedy, and any action is needless. The plaintiff's case is within the letter, but without the spirit of the statute, and thus with-

out the statute itself. "The letter killeth, while the spirit keepeth alive." (*Tracy* v. *Troy and Boston R. R. Co.*, 38 N. Y., 437.)

The interlocutory judgment should be reversed, with costs, and judgment directed for the defendant upon the demurrer, with costs, with the usual leave to plaintiff to amend the complaint upon payment of costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment overruling demurrer reversed, and judgment for defendants on demurrer, with costs, with leave to amend complaint on payment of costs.