enough that the facts are ambiguous, and just as consistent with innocence as with guilt. That would substitute suspicion as the equivalent of proof. They must not be, when taken together and aggregated, when interlinked and put in proper relation to each other, consistent with an honest intent. If they are, the proof of fraud is wanting." And in Morris v. Talcott, 96 N. Y. 107, the court say: "When the evidence is capable of an interpretation, which makes it equally as consistent with the innocence of the accused party as with that of his guilt, the meaning must be ascribed to it which accords with his innocence, rather than that which imputes to him a criminal intent." Judged by these rules, the proof fails to establish the plaintiff's cause of action, which must be done by a fair preponderance of evidence in all cases; and in cases of fraud the evidence must be clear and satisfactory. The learned counsel for the plaintiff earnestly urges the proposition that the consideration received by the plaintiff for her house and lot was so grossly inadequate as of itself to create the presumption of fraud, and cites several cases, none of which aid us in the disposition of this case. The parties contracted upon the apparent value of the boats, and, the defendant having acted in good faith with reference to such value, no presumption arises against her of fraud, although the actual value was less than the apparent value in consequence of conditions of which she was ignorant. If this were an action for a breach of warranty, the court might have much less difficulty in relieving the plaintiff. In such an action the scienter need not be proved. It is sufficient there to establish the warranty and the breach thereof; that is to say, that the warranty was not true; that as a matter of fact all of the rotten timbers of the boat had not been replaced by sound ones. But here the plaintiff must establish, in addition to the representations and the breach, the moral turpitude of the defendant, and fraudulent intent, which is the gravamen of this action. This the plaintiff has failed to do, and therefore her complaint must be dismissed upon the merits but, under the circumstances of this case, it should be without costs to either party.

Complaint dismissed, without costs.

---

(88 Hun, 168.)

WHITNEY et al. v. DAVIS et al.

(Supreme Court, General Term, Fifth Department. June, 1895.)

ATTACHMENT—ACTION IN AID OF—DEFAULT OF DEFENDANT.
    An action in aid of an attachment can be brought only where defendant is in default in the attachment suit.

Appeal from special term, Erie county.

Action by Edmund C. Whitney and August Beck, as sheriff of Erie county, against Joseph Davis and others. From an order denying plaintiffs' motion for a new trial, on the ground of surprise and newly-discovered evidence, plaintiffs appeal. Affirmed.

The opinion of Mr. Justice HAIGHT at special term is as follows:

The evidence in this case shows that the action was brought in aid of an attachment issued in another action, and that the defendants were not in default in that action when this action was commenced. The same question is presented in the case of First Nat. Bank of Salem v. Davis, in which case I have reached the conclusion that the action is not maintainable until such default. See my opinion filed in that case. 35 N. Y. Supp. 532. If the conclusion I have reached in that case is sound, it follows that this action must fail, for the reason that it was prematurely brought. I think, therefore, that the motion must be denied. The order to be entered, however, should provide that the motion was disposed of on this ground, and without a consideration of the merits; so that, in case it should be held that my views are unsound upon this question, the case may be again remitted to the special term for a determination of the motion upon the merits. The motion for a new trial upon the ground of newly-discovered evidence is denied, with $10 costs, for the reason that the action appears to have been prematurely brought, and without a consideration of the motion upon the merits.

Argued before DWIGHT, P. J., and LEWIS, BRADLEY, and WARD, JJ.

Norris Morey, for appellants.
Ansley Wilcox, for respondents.

No opinion. Order affirmed, with $10 costs and disbursements, on opinion of HAIGHT, J., at special term.

---

FIRST NAT. BANK OF SALEM et al. v. DAVIS et al.

(Supreme Court, Special Term, Erie County. September, 1894.)

Action by the First National Bank of Salem and August Beck, as sheriff of Erie county, against Joseph Davis and others. Defendants Joseph Edwin Davis and Edmonia B. Martin demur to the complaint. Sustained.

HAIGHT, J. The complaint, among other things, alleges that the plaintiff the First National Bank of Salem began an action against the defendant Joseph Davis, a nonresident of this state, by the personal service of a summons and complaint upon him without the state on the 14th day of September, 1893, pursuant to chapter 5 of the Code of Civil Procedure, to recover a balance of $10,311.49 upon three promissory notes. The complaint further alleges that the defendant Joseph Davis has not appeared in said action, and that final judgment has not been entered therein; that in that action an attachment has been duly issued to the sheriff of Erie county in this state directing him to attach the property of Joseph Davis; that the defendant Joseph Davis was on the 15th day of May, 1891, seised as owner in fee of an undivided two-thirds of a parcel of land situate in the city of Buffalo, county of Erie (particularly describing the same); and that on that day the defendant Davis executed and delivered a deed of conveyance thereof to the defendant Miles M. Martin, of the state of Virginia; and that the consideration named in such deed was the sum of $50,000. The complaint contains other allegations, to the effect that this conveyance was made in fraud of the rights of creditors and is void, and, as relief, demands judgment that such conveyance be adjudged fraudulent and void as against the attachment issued in the action brought by the plaintiff the First National Bank of Salem against Davis, and that the premises be subjected to the levy of the plaintiff's attachment, etc.

This action, as commonly understood, is in aid of such attachment. The demurrers interposed are upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and the particular defect relied upon, as pointed out upon the trial, is that the complaint fails to allege that the defendant Davis had made default in the action brought against him upon the notes, and in which action the attachment was issued. The second subdivision of section 655