Herbert L. Harding and Edward J. H. Tamsen, as Sheriff of New York County, Appellants, *v.* John M. Elliott, Respondent, Impleaded with Others.

*Attachment against a non-resident debtor who has defaulted but against whom judgment has not been entered — action by sheriff in aid of the attachment — the solvency of the debtor, hindering and delaying a creditor, by reason of his having sufficient property in another State, not material — a decision not stating separately the law and the facts justifies a final judgment by the appellate court.*

Where a judgment is entered upon a decision which does not state the facts found separately from the conclusions of law, the court is required to review all questions both of fact and law; and is authorized, instead of granting a new trial, to grant to either party the judgment which the facts warrant.

A conveyance of property situated in the State of New York made by a non-resident debtor is fraudulent if made with intent to hinder or delay a creditor in the collection of his debt, although such debtor has ample property in another State to pay her debts.

Since the amendments made by chapter 504 of the Laws of 1889 to sections 649 and 655 of the Code of Civil Procedure relating to the subject of attachments, property held by the fraudulent transferees of a non-resident debtor may be attached by his creditor and the fraudulent conveyance may be set aside in an action brought by the sheriff and the·creditor in aid of the attachment, notwithstanding the fact that no judgment has been recovered by the creditor against his debtor.

In an action brought under article 2, title 3, chapter 7, of the Code of Civil Procedure, in aid of an attachment and to set aside an assignment, it appeared that Annie C. Severance, a non-resident of the State of New York, was indebted to Herbert L. Harding, who was joined with the sheriff as a plaintiff in the action; that Harding had begun an action in the Supreme Court against Mrs. Severance upon a claim against her for professional services; that she was served with the summons by publication, had not appeared generally in that action, and that no judgment had been entered therein; that an attachment was granted therein, and was served on bankers who then held moneys of Mrs. Severance in excess of Harding's claim; that Mrs. Severance appeared specially in that action, and succeeded in having the attachment vacated; that a second attachment was granted; that in the meantime the bankers had paid out most of the money, although there still remained enough to satisfy Harding's claim, but that the bankers made a return to the sheriff that Mrs. Severance had assigned the moneys on deposit with them to J. M. Elliott, whom they understood to be a resident of the State of California.

The bankers, pursuant to an order of the court, paid the deposit to a trust company to await the decision of the action between Harding and Elliott, upon the trial of which it appeared that the transfer was made to prevent Harding from collecting his debt from Mrs. Severance.

*Held*, that, as the transaction was intended to hinder and delay Harding in the collection of his claim, it was fraudulent and void, notwithstanding the fact that Mrs. Severance had property in a foreign State sufficient to pay all her debts;

That under subdivision 2 of section 655 of the Code of Civil Procedure the action could be maintained, although no judgment had been recovered for the debt.

APPEAL by the plaintiffs, Herbert L. Harding and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of July, 1895, upon the decision of the court rendered after a trial at the New York Special Term dismissing the plaintiffs' complaint upon the merits.

*John S. Melcher*, for the appellants.

*David Murray*, for the respondent.

FOLLETT, J. :

This action was begun October 5, 1893, to set aside an assignment of Annie C. Severance to John M. Elliott of $15,000 on deposit with Kountze Bros., on the ground that it was made with intent to hinder, delay and defraud the plaintiff Harding. The action was brought by leave of the court in aid of an attachment, pursuant to article 2, title 3, chapter 7 of the Code of Civil Procedure.

June 27, 1893, Herbert L. Harding began an action in the Supreme Court against Annie C. Severance to recover a judgment for $10,100 alleged to be due him from her for professional services and disbursements rendered in the State of Massachusetts, of which State Harding is a resident. Mrs. Severance is a resident of the State of California, and the summons was served on her by publication June 29, 1893, but she has not appeared in the action, and no judgment has been entered therein. June 27, 1893, an attachment was granted in the action, which, June 29, 1893, was served on Kountze Bros., bankers in the city of New York, who then held on deposit $148,125 belonging to Annie C. Severance. This deposit was held under the following receipt :

"KOUNTZE BROTHERS, BANKERS.

"$148,125.                    NEW YORK, *June* 27, 1893.

"Received from Merchants' Natl. Bk., N. Y., One hundred & forty-eight thousand one hundred & twenty-five dollars, which, at

their request, we credit to account of Bank of America, Los Angeles, Cal., for use of Annie C. Severance, as per our Letter of Advice No. 9525, issued this day.

"per pro KOUNTZE BROTHERS,

"H. R. PHILLIPS."

July third Mrs. Severance appeared specially in the action, and served a notice of motion for July 11, 1893, for an order vacating the attachment, which motion was granted July 20, 1893, and the next day an order vacating the attachment was entered. After the service of the first attachment, and before July 15, 1893, Kountze Bros. paid out all of the money held under the foregoing receipt upon the checks of the Bank of America, except $15,000. July 20, 1893, a second attachment was issued in the action, which on the same day was served on Kountze Bros., who, on the day following, gave the sheriff this certificate:

"Hon. JOHN J. GORMAN, Sheriff,

"City and County of New York:

"DEAR SIR — As a return to the Writ of Attachment served upon us July 20, 1893, in the above-entitled suit, we have to state that the balance of the moneys, to wit, Fifteen Thousand Dollars ($15,000), remaining out of the moneys heretofore deposited with us June 27, 1893, by the Merchants' National Bank of New York, for the credit of the Bank of America of Los Angeles, Cal., for the use of Annie C. Severance with them, was on or before July 12, 1893, assigned by said Annie C. Severance to J. M. Elliott, who, we understand, is a resident of the State of California. The said $15,000 is still in our possession.

"Yours respectfully,

"KOUNTZE BROS."

Upon the levy of the first attachment Kountze Bros. telegraphed the fact to the Bank of America at Los Angeles, which, July 12, 1893, telegraphed Kountze Bros. as follows:

"Referring to letter Van Slyck 6th, accept his instructions in disposing of special $15,000, so that second attachment cannot lie. When delivered deposit less counsel fees and just charges with First National Bank for personal credit J. M. Elliott. Advise by telegram such deposit."

Kountze Bros. did not make the deposit pursuant to this tele-gram, but held the fund until July 13, 1895, when they paid it over to the Farmers' Loan and Trust Company pursuant to an order of the Special Term, entered July 8, 1895. Kountze Bros. had pre-viously answered in the action, but on making this deposit they were discharged from further liability, and have no further interest in the result of this litigation, which has become simply a contest between the plaintiff and John M. Elliott as to which has the better right to the fund.

. The learned justice who rendered the judgment appealed from did not " state separately the facts found," but filed " a decision stating concisely the grounds " on which the issues were decided, as permitted by section 1022 of the Code of Civil Procedure, as amended in 1894, and so the issue whether the transfer by Annie C. Severance to John M. Elliott of the fund held by Kountze Bros. was made with intent to hinder and delay Herbert L. Harding has not been specifically determined. However, the learned justice, in his opinion, states that the evidence would fairly justify a finding that the transfer was made to prevent Harding from collecting his debt. The testimony of Annie C. Severance and of John M. Elliott, read in connection with the documents in evidence, shows beyond doubt that the transfer by her to him of the $15,000 standing to her credit with Kountze Bros. was made by her and received by him for the sole purpose of hindering, delaying and preventing the plaintiff from collecting a just debt (the amount of which only was in dispute) by means of an action brought in this State. It is asserted that a conveyance made for this purpose by a person hav-ing ample property in another State to pay all her debts is not fraudulent, and that it is necessary to show the insolvency of the debtor. We think that the solvency of Mrs. Severance does not render the transaction valid, for it is shown beyond dispute that she has no other property within this State, and that by this transfer she sought to prevent Harding from enforcing his demands by an action. It is enough under the statute if the creditor is hindered or delayed in the collection of his debt by a transfer executed for that purpose.

In *Chamley* v. *Dunsany* (2 Sch. & Lef. 690, 714) it was held by

the House of Lords that a conveyance by a debtor, made with intent to hinder or delay his creditor, may be set aside, though the creditor has sufficient property remaining undisposed of out of which the debt could have been collected. This rule was declared by Lord ELDON in the case cited, and, so far as we know, has never been questioned. It was distinctly recognized in *Fox* v. *Moyer* (54 N. Y. 125), where it was held : " It is only when one makes a voluntary conveyance in good faith, with no intent to defraud his creditors, that it will be upheld by proof showing that when he made it he retained an ample estate to pay all his debts."

In *Kimball* v. *Thompson* (58 Mass. 441) it was held that a conveyance by a debtor of his property to prevent it from being attached was void, although the debtor believed that it would be better for his creditors to make the conveyance, and intended in the end to pay all his creditors. The same rule was declared by Mr. Justice STORY in *Bean* v. *Smith* (2 Mason, 252, 284), in which he said : "It is far from being necessary in all cases that it should appear that a creditor would sustain a loss unless a fraudulent conveyance be set aside."

In *Hager* v. *Shindler* (29 Cal. 48) it was held that if the conveyance were made with intent to hinder or delay creditors, it should be set aside without regard to the financial condition of the fraudulent transferer. It was tersely said in that case : " A rich man may make a fraudulent deed as well as one who is insolvent."

The same principle was recognized in *Billings* v. *Russell* (101 N. Y. 226), where it was held that a mortgage given to secure a just debt might be set aside by a creditor if it were shown that the parties to the instrument executed it for the purpose of preventing the property mortgaged from being reached by a creditor.

We have no doubt that the transfer attempted to be made by Mrs. Severance to the defendant Elliott was fraudulent and void as against Harding, and that Elliott held the $15,000 as trustee *ex maleficio* for Harding. The only remaining question is, can the interest of Mrs. Severance and Elliott be reached by an attachment and an action brought in aid thereof ?

In 1888 it was held that the right of a creditor to set aside a fraudulent transfer by a debtor could not be enforced through an attachment and an action brought in aid thereof, unless the creditor

had recovered a judgment for his debt. (*Throop Grain Cleaner Co.* v. *Smith,* 110 N. Y. 83 ; S. C., 34 Hun, 91 ; 3 How. Pr. [N. S.] 290.) In 1889 (Chap. 504, Laws of 1889) subdivision 4 was added to section 649 and subdivision 2 to section 655 of the Code of Civil Procedure.

"Sec. 649, subdiv. 1.   *   *   *

"Subdiv. 2.   *   *   *

"Subdiv. 3.   *   *   *

"Subdiv. 4. Upon property discovered in any action brought as prescribed in subdivision two of section six hundred and fifty-five of this act, by entering in the proper clerk's office the judgment rendered in said action, and thereafter levying on said property in the manner prescribed in subdivisions one, two and three of this section."

"Sec. 655.   *   *   *

"Subdiv. 2. Where the summons was served without the State, or by publication, pursuant to an order obtained for that purpose, as prescribed in chapter fifth of this act, and where the defendant has not appeared in the action (otherwise than specially) but has made default and before entering final judgment, the sheriff may, in aid of said attachment, maintain an action against the attachment debtor, and any other person or persons, or against any other person or persons, to compel the discovery of anything in action, or other property belonging to the attachment debtor ; and of any money, thing in action, or other property due to him, or held in trust for him, or to prevent the transfer thereof, or the payment or delivery thereof, to him or any other person, and the sheriff may, in aid of said attachment, also maintain any other action against the attachment debtor and any other person or persons, or against any other person or persons, which may now be maintained by a judgment creditor in a court of equity, either before the return of an execution in aid thereof, or after the return of an execution unsatisfied. The judgment in any of the above-mentioned actions must provide and direct that the said property shall be applied by the sheriff to the satisfaction of any judgment which the plaintiff may obtain in the attachment action."

It is apparent, we think, that these provisions were added to the Code to change the rule declared in the case last cited and to enable

creditors to collect their debts out of the property of non-resident debtors which should be conveyed for the purpose of defrauding creditors, and that, under the Code as amended, property held by fraudulent transferees may be attached by the creditors of a fraudulent transferer and the conveyance set aside by an action brought by the sheriff in aid of the attachment. That such was the purpose of the section is held in *Backus* v. *Kimball* (62 Hun, 122) and in *Whitney* v. *Davis* (88 id. 168). The case provided for by section 655 is precisely the one at bar. The fraudulent transferer is a non-resident of the State; the summons in the action in which the attachment was issued has been served by publication; the defendant has not appeared, but has made default, and no judgment has been recovered. These facts are alleged in the complaint and were proved on the trial, and we are of the opinion that the plaintiffs established the right to have the transfer set aside as fraudulent. Under section 1022 of the Code of Civil Procedure, when a judgment is entered on a decision which does not state separately the facts found, this court is required to review all questions of fact and law, and is authorized, instead of granting a new trial, to grant to either party the judgment which the facts warrant. The fraudulent character of the transfer being established by the testimony of the defendant Elliott and by Mrs. Severance, the fraudulent transferer, there is no reason for a new trial of the issue, and a judgment should be ordered reversing the judgment of the court below, with costs, and declaring that the transfer from Mrs. Severance to the defendant Elliott was fraudulent and void as against the plaintiff Harding; that it should be set aside and the money paid over by Kountze Bros. to the Farmers' Loan and Trust Company should be held to be subject to the attachment and paid over in satisfaction of the debt of Harding when the amount thereof shall be judicially established. The plaintiffs are entitled to costs in this court and in the court below, to be taxed, and the judgment to be entered thereupon will be a lien on the fund and payable therefrom.

Van Brunt, P. J., and Parker, J., concurred.

Judgment reversed and judgment directed for plaintiffs as directed in opinion, with costs in this court and in the court below.