(43 App. Div. 468.)

### BUTCHER v. PEARSON et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

ACTION IN AID OF ATTACHMENT—REQUIREMENTS OF COMPLAINT—FRAUDULENT ASSIGNMENT.

> An action to set aside a fraudulent assignment for benefit of creditors of property, based alone on its attachment, and intended to aid the attachment, where the property is incapable of manual delivery, cannot be maintained, unless the complaint shows, as required by Code Civ. Proc. § 655, subd. 2, that the assignor did not appear as defendant in the attachment action, but made default.

Appeal from special term, Kings county.

Action by Edward Butcher, Jr., against Frederick S. Pearson, impleaded with others, to establish the priority of plaintiff's lien on property fraudulently assigned for the benefit of creditors. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. F. Bullard (Waldo E. Bullard, on the brief), for appellant.
Origen S. Seymour, for respondent Pearson.

WILLARD BARTLETT, J. The allegations of the complaint may fairly be summarized as follows: On August 31, 1897, Edward B. Cuthbert, being insolvent, made an assignment for the benefit of his creditors to Ernest H. Ball, who accepted the trust and took possession of the assigned property, worth upwards of $5,000. This assignment was executed by Cuthbert with intent to hinder, delay, and defraud his creditors. Both Cuthbert and Ball are insolvent. On September 9, 1897, Mary C. Morrell, whose rights the plaintiff has acquired, began an action in the supreme court in Kings county

against Cuthbert. On September 14, 1897, she obtained an attachment therein, which was levied upon all the property of Cuthbert in the possession of Ball. This property was not capable of manual delivery, so the levy was made by leaving a copy of the warrant with Ball, and a notice showing what property was attached. The summons in the suit was served by publication upon Cuthbert, who duly appeared before the time to appear had expired, and served an answer. On December 1, 1898, judgment for $2,824.08 was recovered therein against Cuthbert, and duly entered. This judgment was upon a debt owing by Cuthbert prior to August 31, 1897. On December 2, 1898, a transcript thereof was filed in New York county, where Cuthbert resided. On December 7, 1898, an execution against his property was duly issued to the sheriff of that county, but it has been duly returned unsatisfied, although Ball received sufficient property under the assignment to him from Cuthbert to pay the judgment and the sheriff's fees on the attachment. Nearly a year before this, on December 20, 1897, Frederick S. Pearson recovered against Cuthbert a judgment for $15,019.17, upon which execution was returned unsatisfied; and about December 24, 1897 (but after the levy under Mary C. Morrell's attachment), Pearson began a creditors' action in the supreme court against Cuthbert and Ball to set aside the assignment by the former to the latter, as fraudulent against creditors. That action has been tried, and will, without doubt, result in a decree holding the assignment to be void. Pearson claims that the lien in his favor in that suit is prior to the lien acquired by Mary C. Morrell under her attachment, and refuses to allow her judgment, now owned by the plaintiff herein, to be paid out of the property in question until his own judgment shall have been paid in full. The plaintiff herein prays that the assignment be declared fraudulent, and that the lien under the Morrell attachment be declared superior to the lien of Pearson, and be paid first.

Upon these facts, the learned judge at special term has held that the levying of the attachment upon the assigned property, incapable of manual delivery, was not effectual to create a lien in behalf of the attaching creditor. In support of this conclusion, he cites Anthony v. Wood, 96 N. Y. 180. The only answer which the appellant makes to this is that the case cited was decided before the amendment of section 655 of the Code of Civil Procedure in 1889, and the decision therefore has no application to the law as it now exists. The amendment consisted of the addition of the second subdivision, which provides that where the summons was served without the state, or by publication, and where the defendant has not appeared in the action, otherwise than specially, but has made default, and before entering final judgment, the sheriff may, in aid of an attachment in his hands, maintain an action against the attachment debtor and any other person or persons to compel the discovery of anything in action or other property belonging to the attachment debtor. The same subdivision also authorizes the sheriff to maintain any action in aid of the attachment which may be maintained by a judgment creditor in a court of equity either before or after execution has been returned. The effect of this addition to section

655 of the Code of Civil Procedure has been considered in Backus v. Kimball, 62 Hun, 122, 16 N. Y. Supp. 619, Whitney v. Davis, 88 Hun, 168, 35 N. Y. Supp. 531, affirmed in 148 N. Y. 256, 42 N. E. 661, and Harding v. Elliott, 91 Hun, 502, 36 N. Y. Supp. 648. In the case last cited it was said that the purpose of the enactment was to change the rule declared in 1888 in Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. 671, to the effect that a creditor could not attack a fraudulent assignment by his debtor through an attachment and an action brought in aid thereof, unless the creditor had recovered judgment for his debt. The amendment now permits a suit to set aside the transfer to be based upon the attachment alone, but only in the cases specified in the subdivision. The complaint must show that the defendant has not appeared, but has made default, in the attachment action. See opinion of Haight, J., in Whitney v. Davis, 88 Hun, 168, 35 N. Y. Supp. 531. This was not the fact in the case at bar. Cuthbert, the defendant in the attachment action, appeared seasonably and served an answer therein. This circumstance takes the case out of the purview of subdivision 2 of section 655 of the Code of Civil Procedure. Its provisions did not aid the plaintiff, and he was left subject to the rule laid down in Anthony v. Wood, supra, which denied the effectiveness of an attachment to create a lien where the warrant was levied on property incapable of manual delivery. Having obtained judgment in the attachment suit, his right to maintain the action against Cuthbert and Ball to set aside the assignment by the former to the latter is not questioned; but as it is apparent that his claim can have no priority over the earlier judgment of the defendant Pearson, but is distinctly subordinate thereto, the learned judge at special term was right in sustaining the demurrer of that defendant.

Judgment affirmed, with costs. All concur.